## BONNIE D. DAVIS *v.* NEIL DRUKS
### (14908)

Dupont, C. J., and Foti and Spear, Js.

Submitted on briefs September 30—officially released October 29, 1996

*Thomas F. Brown* filed a brief for the appellant (plaintiff).

*Daniel E. Ryan III* and *Darren P. Renner* filed a brief for the appellee (defendant).

PER CURIAM. The plaintiff appeals following the trial court's denial of her motion to set aside the verdict and for an additur. On appeal, the plaintiff claims that the trial court improperly denied her motion and argues that the jury's award of $6000 for noneconomic damages was inadequate to compensate her for her past and future pain and suffering, and was against the weight of the evidence.

The plaintiff commenced an action against the defendant seeking damages for personal injuries arising

out of a tooth extraction performed by the defendant. The matter was tried to a jury, which returned a verdict for the plaintiff in the amount of $17,000 for economic damages and $6000 for noneconomic damages.[1] The plaintiff filed a motion pursuant to General Statutes § 52-228b[2] requesting the trial court to order an additur and, if the defendant failed to accept the additur, requesting the trial court to set aside the verdict as to noneconomic damages only.

"Litigants have a constitutional right to have factual issues determined by the jury. This right embraces the determination of damages when there is room for a reasonable difference of opinion among fair-minded persons as to the amount that should be awarded. . . . Similarly, [t]he credibility of witnesses and the weight to be accorded to their testimony lie within the province of the jury. . . . The trial court's refusal to set aside the verdict or to order an additur is entitled to great weight and every reasonable presumption should be given in favor of its correctness. In reviewing the action of the trial court in denying the motions for additur and to set aside the verdict, our primary concern is to determine whether the court abused its discretion and we decide only whether, on the evidence presented,

---

[1] General Statutes § 52-572h (a) (2) defines "noneconomic damages" as "compensation determined by the trier of fact for all nonpecuniary losses including, but not limited to, physical pain and suffering and mental and emotional suffering . . . ."

[2] General Statutes § 52-228b provides: "No verdict in any civil action involving a claim for money damages may be set aside except on written motion by a party to the action, stating the reasons relied upon in its support, filed and heard after notice to the adverse party according to the rules of the court. No such verdict may be set aside solely on the ground that the damages are excessive unless the prevailing party has been given an opportunity to have the amount of the judgment decreased by so much thereof as the court deems excessive. No such verdict may be set aside solely on the ground that the damages are inadequate until the parties have first been given an opportunity to accept an addition to the verdict of such amount as the court deems reasonable."

the jury could fairly reach the verdict they did. . . .
The only practical test to apply to a verdict is whether
the award of damages falls somewhere within the neces-
sarily uncertain limits of fair and reasonable compensa-
tion in the particular case, or whether the verdict so
shocks the sense of justice as to compel the conclusion
that the jury were influenced by partiality, mistake,
or corruption." (Citations omitted; internal quotation
marks omitted.) *Childs* v. *Bainer*, 235 Conn. 107, 112–
14, 663 A.2d 398 (1995).

The jury could have found reasonably the facts that
follow. The defendant, in extracting the plaintiff's
impacted lower wisdom tooth on December 7, 1987,
negligently used inappropriate force to remove the
tooth.[3] This inappropriate force proximately caused the
plaintiff's injuries. These injuries included temporo-
mandibular joint dysfunction (TMJ); trismus, a tempo-
rary limited ability to open one's mouth resulting from
muscle pain or infection; and a fractured lingual plate,
which caused an exposed bone chip in the plaintiff's
mouth. There is a risk of creating each of these condi-
tions when a lower wisdom tooth is extracted even in
the absence of negligence by the dentist. The plaintiff
visited the office of two oral surgeons for treatment of
these problems on numerous occasions following the
extraction. The plaintiff was in no pain until shortly
after December 23, 1987, when she displayed symptoms
of TMJ. Subsequently, the plaintiff underwent arthro-
scopic surgery and physical therapy and wore a mouth

---

[3] The jury's completed verdict form included the following interrogatories:

"5. Do you find that the defendant Dr. Neil Druks was negligent in this treatment of the plaintiff, Mrs. Bonnie Davis in that he used inappropriate force to remove the tooth in question?

"Yes.

"6. If you find that the answer to the preceding interrogatory is yes, do you find that such negligence was the proximate cause of the injuries claimed by the plaintiff?

"Yes."

appliance to correct the TMJ. In April, 1990, the plaintiff had intermittent pain that interfered with her life only to a slight degree. The prognosis was that the plaintiff might have recurring difficulty with TMJ, including headaches.

We conclude, after carefully reviewing the record in the light most favorable to sustaining the jury's verdict, that the jury could reach fairly a verdict of $6000 for noneconomic damages. That award does not shock the sense of justice. Consequently, the trial court did not abuse its discretion in denying the plaintiff's motion to set aside the verdict and for an additur.

The judgment is affirmed.